## INHABITANTS OF WELLINGTON

### vs.

### HERBERT LAWRENCE, and others.

#### Piscataquis.   Opinion January 4, 1882.

*Taxes.   Town treasurer.   Collector.   R. S., c. 6, § § 94, 95.*

By R. S., c. 6, § § 94, 95, it is the duty of the collector and not of the treasurer of a town, to pay the state tax.

Where a town treasurer received from the collector some eighty dollars, which, at the collector's request, the treasurer inclosed with his own official receipt for the town's shares of the school funds, and received from the State treasurer, his receipt for the state tax, and passed it over to the collector, and it was allowed to him in the settlement of his collections as a voucher for the payment of the State tax;

*Held,* (in an action on the treasurer's bond) that the amount of the school funds was chargeable to him, and he must look to the collector.

ON REPORT.

Debt on bond given by the principal defendant as treasurer of the town of Wellington, the other defendants being sureties upon the bond.   Bond was for five thousand dollars, usual form, and dated March 15, 1879.   The writ was dated August 14, 1880.   The plea was general issue, with brief statement of performance of all the conditions.

The law court were empowered to draw inferences from the evidence legally admissible, and to enter such judgment as should be in accordance with the law of the case.

The material facts as found by the court are stated in the opinion.

*Josiah Crosby* and *A. M. Robinson,* for the plaintiffs.

*D. D. Stewart,* for the defendants.

VIRGIN, J.   Not only the money necessary to defray the expenses of the town, but also its due proportion of county tax, and of State tax are annually assessed upon the polls and estates of each town.   R. S., c. 6, § 70.   The lists are committed to

the collector with a warrant for each tax. R. S., c. 6, § § 94, 95. The warrants direct the collector to pay the money collected on the several taxes at the times therein specified to the respective treasurers, neither treasurer having any concern with the money of the other.

The State treasurer annually apportions to and distributes among the several towns, six per cent. of the school fund, (R. S., c. 11, § 91,) together with the mill tax, for the benefit of schools. Stat. 1872, c. 43. These funds are paid by the State treasurer to the respective town treasurers; but a town is expressly "precluded from drawing the school funds so long as its State tax remains unpaid." Spec. stat. 1878, c. 97, § 5.

With the duties of the collector and town treasurer thus specifically defined in the statutes, the defendant (Lawrence,) treasurer of the plaintiff town, testifies in substance: That the collector furnished him with certain money, town orders, and lists of non-resident taxes, and requested him to appropriate them, together with the school fund and mill tax due to the town, to the payment of the town's State tax which was four hundred and seventy-eight dollars and sixty-five cents. That he accordingly obtained some bank checks to the amount of eighty dollars and eighty-four cents, which he sent to the State treasurer, together with his own official receipt for the school fund and mill tax (three hundred and ninety-seven dollars and eighty-one cents) and received from the State treasurer, the latter's receipt for the state tax, and passed the receipt over to the collector.

It also appeared that when the collector settled his collection account at the close of the municipal year, the State treasurer's receipt for the State tax was produced by the collector as a voucher for the payment of that tax, and was allowed to him.

The defendant now claims in defence to an action on his official bond, and in proof of his plea of performance of its conditions, that notwithstanding his receipt of the school funds, it ought not to be charged to him under the circumstances. But such an irregularity cannot be allowed. He loaned to the collector the money of the town to enable the latter to pay the State tax, and

must look to the collector for the money which he illegally accommodated him with. He has never accounted for it to the town, and he must be held on his bond therefor. If the collector had been desirous of paying the State tax without remitting the money to the State-treasurer, he could have deposited the necessary sum with the town treasurer who might then substitute *pro tanto* his receipt for the school funds, and sending that to the State treasurer brought about the desired result. But instead of that, the defendant loaned to the collector the amount of the school funds, and hence is that much short in his account.

Moreover, the treasurer's omission to render his official account required by R. S., c. 3, § 31, constituted a nominal breach of his bond. *Monticello* v. *Lowell,* 70 Maine, 437.

On March 5, 1880, there was due from the treasurer, five hundred and eighty-nine dollars and twenty-three cents. Since then he has paid one hundred and eighty-three dollars and seventy-three cents, leaving a balance of four hundred and five dollars and fifty cents. To this balance should be added interest thereon from March 5, 1880, to date of judgment.

*Judgment for plaintiffs accordingly.*

APPLETON, C. J., BARROWS, PETERS, LIBBEY and SYMONDS, JJ., concurred.